[Department Two. — February 26, 1883.]

JAMES FARRELL, RESPONDENT v. WILLIS JONES
ET AL., J. S. CARMICHAEL, APPELLANT.

MORTGAGE FORECLOSURE — COMPLAINT — JUDGMENT. — Action to foreclose a mortgage. The appeal was heard on the judgment roll. The appellant objected that the judgment was in excess of the amount due as shown by the complaint. After examining the allegations of the complaint, *held*, that the objection was not well founded.

PARTIES — SUBSTITUTION. — Where a third person, during the pendency of an action, succeeds to the rights of the plaintiff, the court has power to substitute such person as plaintiff in the action, and notice of the substitution need not be given to a defendant whose default has been entered for failing to appear.

APPEAL from a judgment of the Superior Court of Placer County.

The facts are sufficiently stated in the opinion of the court.

*Henley, Whipple & Oates*, for Appellant.

*John M. Fulweiler*, for Respondent.

SHARPSTEIN, J. — This is an appeal from a judgment in an action to foreclose a mortgage. The mortgage was executed by the defendants Jones and Dougherty, who conveyed the mortgaged premises to the defendant McGillivray, who conveyed to the defendant, "The Dardanelles Consolidated Mining Company," which was the owner of said premises at the time of the commencement of this action. None of the defendants appeared in the action with the exception of the defendants McGillivray and Carmichael, who were alleged to have or claim some interest in said premises, or some part thereof, which claim or interest was subsequent to and subject to the lien of the plaintiff's mortgage.

The appearance of McGillivray was entered by his attorneys, and defendant Carmichael filed a demurrer specifying that the complaint did not state facts sufficient to constitute a cause of action, which was overruled with leave to him to answer within ten days, which he failed to do. Defendant McGillivray neither answered nor demurred. The defaults of all the defendants were duly entered, and a decree of foreclosure was thereupon ordered by the court. From the decree entered pursuant to said order the said defendant Carmichael appeals.

The first ground upon which appellant's counsel claim that the judgment should be reversed is that the decree "is excessive in amount by at least the sum of three payments of interest."

If these payments were made at all they were made by the execution and delivery of a promissory note which purports to be made by the "Dardanelles Con. G. M. Co., by Joseph Mc-Gillivray, superintendent," and in regard to that the plaintiff alleges that "he has been informed and believes, and upon such information and belief avers that said Joseph McGillivray had not, as such superintendent or otherwise, any power or authority to bind the said Dardanelles Consolidated Gravel Mining Company thereby, or execute and deliver the said promissory note in the name of said corporation, and that therefore the said promissory note is valueless and in fraud of said plaintiff's rights under and by virtue of said mortgage, and that the plaintiff has not received any consideration for the indorsements as aforesaid, upon said promissory note of Jones and Dougherty, except the sum of seven hundred and fifty dollars, and that the credit thereon and towards the payment thereof should not be more than seven hundred and fifty dollars."

But appellant says "that it does not appear but that the note of the Dardanelles Mining Company was actually paid." It is alleged in the complaint that the plaintiff indorsed the amount of said note on the note which the mortgage was given to secure the payment of, and that he has not received any consideration for that indorsement, which if the note had been paid would be a false allegation. We think that those allegations, taken in connection with the allegation that McGillivray had no power or authority to execute and deliver said note, is substantially an allegation that it had not been paid.

The second ground upon which appellant relies is that after the defaults of the defendants had been entered, Jo Hamilton was substituted for the original plaintiff, and the decree is in his favor. The decree recites that Hamilton was "substituted as plaintiff in said action, he having during the pendency of the action succeeded by assignment to the said James Farrell's interest and rights in and to said debt, and the mortgage given to secure the same." Such being the case the court had the power to substitute Hamilton in the action or proceeding, and

we know of no reason why the defendants, whose defaults had before been entered, should have had notice of a motion to have such substitution made. And if such notice had been given, the fact would not appear in the judgment roll.

We do not think that the record discloses any error for which the judgment should be reversed.

Judgment affirmed.

Thornton, J., and Myrick J., concurred.